# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00237-CV

George Alejos, Appellant

v.

The State of Texas and VIA Metropolitan Transit Advanced Transportation District, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-13-004230, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This cause concerns a continuation of the same controversy that is the subject of our April 2, 2014, Opinion and Judgment in Cause Nos. 03-14-00109-CV and -00139-CV (*Alejos I*).[1] Following our remand in Cause No. 03-14-00139-CV (the "First Bond Appeal"), the district court conducted an evidentiary hearing and set a new bond in the amount of $3.855 million to secure the District against damages or costs that may occur because of the delay caused by Alejos's continued participation if the District finally prevails (the Second Order Setting Bond).[2] As with the First Bond Appeal, Alejos timely perfected an appeal from the Second Order Setting Bond—this cause (the

---

[1] *Alejos v. State of Tex. & VIA Metro. Transit Advanced Transp. Dist.*, ___ S.W.3d ___, Nos. 03-14-00109-CV & 03-14-00139-CV, 2014 WL 1349018 (Tex. App.—Austin Apr. 2, 2014, no pet. h.).

[2] *See* Tex. Gov't Code §§ 1205.101-.103.

"Second Bond Appeal")—and did not attempt to comply with the new bond within the ten-day statutory deadline.[3]

In this Second Bond Appeal, Alejos brings three issues. In his first issue, Alejos insists that the district court lacked authority to issue a bond order at this juncture in the proceedings, after the Judgment Appeal had already been perfected. We reject this contention for the same reasons we concluded in *Alejos I* that Alejos is subject to the bond requirement,[4] and Alejos has not persuaded us that we should alter our reasoning.[5] In his second and third issues, Alejos argues that the district court abused its discretion in failing to find that he had established his entitlement to a temporary injunction against issuance of the securities at issue (a defense or exception to the bond requirement[6]) and in setting the amount of the bond at $3.855 million. Having reviewed the record, we find no abuse of discretion in either regard. We overrule Alejos's issues and affirm the district court's Second Bond Order.

After Alejos had perfected this Second Bond Appeal, the District obtained an order from the district court purporting to dismiss Alejos as a party for failure to comply with the Second Order Setting Bond.[7] In response, Alejos amended his notice of appeal in this cause to challenge the

---

[3] *See id*. §§ 1205.068(a)(1), .105.

[4] *Alejos I*, 2014 WL 1349018, at *9-10 (citing *Hotze v. City of Houston*, 339 S.W.3d 809, 816 (Tex. App.—Austin 2011, no pet.)).

[5] As a precautionary measure, Alejos has filed a motion for rehearing concerning the First Bond Appeal in the event his arguments in the Second Bond Appeal would require us to revisit our holdings in *Alejos I*. We have overruled that motion by separate order.

[6] *See* Tex. Gov't Code § 1205.102.

[7] *See id*. § 1205.104.

district court's order of dismissal.[8] We dismiss Alejos's appeal of the district court's dismissal order as moot in light of our Opinion and Judgment today dismissing the Judgment Appeal.[9]

Given the expedited nature of these proceedings, and because the parties' briefing has already exhaustively addressed the dispositive issues, we order that no motions for rehearing may be filed in this cause.[10]

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed in part, Dismissed as Moot in part

Filed:   May 15, 2014

---

[8]  *See id*. §§ 1205.068(a)(1), .105(a).

[9]  *Alejos v. State of Tex. & VIA Metro. Transit Advanced Transp. Dist.*, No. 03-14-00109-CV, slip op. at 1-2 (Tex. App.—Austin May 15, 2014, no pet. h.) (supp. op.), *available at* http://www.3rdcoa.courts.state.tx.us.

[10]  *See* Tex. R. App. P. 49.4.